UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 1:20-CV-12192

|  |  |
|---|---|
| BARNSTABLE MUTUAL INSURANCE COMPANY a*s subrogee of* PHYLLIS and EDWARD POWERS-PHILIE<br><br>Plaintiff,<br>V.<br>WHIRLPOOL CORPORATION,<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT WHIRLPOOL CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

Whirlpool Corporation ("Whirlpool") responds to Plaintiff's Complaint, stating as follows:

1. Upon information and belief, Whirlpool admits the allegations of paragraph 1 of Plaintiff's Complaint.

2. Upon information and belief, Whirlpool admits the allegations of paragraph 2 of Plaintiff's Complaint.

3. In response to the allegations of paragraph 3 of Plaintiff's Complaint, Whirlpool admits it is a Delaware corporation with its principal place of business is in Michigan. Whirlpool further admits it is in the business of designing and manufacturing home appliances, including washing machines, and that products it designs and manufactures are sold in the commonwealth of Massachusetts. Whirlpool further admits it has been served in this lawsuit. Whirlpool denies all remaining allegations and allegations inconsistent with these admissions.

4. Whirlpool lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of Plaintiff's Complaint.

1

5. Whirlpool lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of Plaintiff's Complaint.

6. Whirlpool lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of Plaintiff's Complaint.

## JURISDICTION

7. The allegations of paragraph 7 of Plaintiff's Complaint are moot, as they pertain to the jurisdiction of the Superior Court of Barnstable County and this lawsuit has been removed to the United States District Court for the District Court of Massachusetts.

## PLAINTIFF'S GENERAL ALLEGATIONS

8. Whirlpool lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of Plaintiff's Complaint.

9. Whirlpool lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of Plaintiff's Complaint.

10. Whirlpool denies the allegations of paragraph 10 of Plaintiff's Complaint.

11. Whirlpool lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of Plaintiff's Complaint.

12. In response to the allegations of paragraph 12 of Plaintiff's Complaint, Whirlpool lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Plaintiff's legal subrogation rights. Whirlpool denies it is liable to Plaintiff for any damages in this lawsuit.

## PLAINTIFF'S COUNT I – BREACH OF EXPRESS WARRANTY

13. Whirlpool incorporates its responses to all prior allegations of Plaintiff's Complaint as if fully set forth herein.

14. Whirlpool lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of Plaintiff's Complaint.

15. Whirlpool lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of Plaintiff's Complaint.

16. Whirlpool denies the allegations of paragraph 16 of Plaintiff's Complaint.

17. Whirlpool denies the allegations of paragraph 17 of Plaintiff's Complaint.

## PLAINTIFF'S COUNT II – BREACH OF IMPLIED WARRANTY

18. Whirlpool incorporates its responses to all prior allegations of Plaintiff's Complaint as if fully set forth herein.

19. Whirlpool lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of Plaintiff's Complaint.

20. Whirlpool denies the allegations of paragraph 20 of Plaintiff's Complaint.

## PLAINTIFF'S COUNT III – NEGLIGENCE

21. Whirlpool incorporates its responses to all prior allegations of Plaintiff's Complaint as if fully set forth herein.

22. Whirlpool lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of Plaintiff's Complaint.

23. Whirlpool denies the allegations of paragraph 23 of Plaintiff's Complaint.

## PLAINTIFF'S COUNT IV – UNFAIR AND DECEPTIVE BUSINESS PRACTICES

24. Whirlpool incorporates its responses to all prior allegations of Plaintiff's Complaint as if fully set forth herein.

25. Whirlpool admits the allegations of paragraph 25 of Plaintiff's Complaint.

26. Whirlpool denies the allegations of paragraph 26 of Plaintiff's Complaint.

27. Whirlpool denies the allegations of paragraph 27 of Plaintiff's Complaint.

WHEREFORE, Whirlpool Corporation prays for judgment in its favor and against Plaintiff Barnstable County Mutual Insurance Company, as subrogee of Phyllis and Edward Powers-Philie, that Plaintiff's Complaint be dismissed with prejudice, for costs of this action, attorneys' fees, and all other relief appropriate in the premises.

## DEMAND FOR TRIAL BY JURY

Whirlpool demands a trial by jury.

## ADDITIONAL DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff has failed to mitigate its alleged damages, if any.

3. Plaintiff's damages, if any, were proximately caused by the misuse, alteration, and/or modification of the product at issue in this case. These misuses, alteration, and/or modifications were not reasonably foreseeable.

4. Subject to further investigation and discovery, some or all of Plaintiff's claims may be limited by the applicable statutes of limitation or repose.

5. Whirlpool asserts that Plaintiff's subrogors were negligent, in whole or in part, thereby reducing or eliminating any damages owed by Whirlpool by way of comparative negligence.

6. Whirlpool asserts that Plaintiff's damages, if any, were proximately caused or contributed by the active negligence of Plaintiff's subrogors or through Plaintiff's comparative fault.

7. Plaintiff's damages, if any, were proximately caused by the superseding or intervening acts or omissions of others.

8.    Any claims arising from a breach of warranty or contract are barred because Plaintiff and its insured lacked privity with Whirlpool.

9.    Whirlpool contests the reasonableness and necessity of Plaintiff's damages.

10.   Plaintiff's claims are barred by its spoliation of evidence.

11.   Whirlpool reserves the right to supplement or modify its Affirmative Defenses as needed or warranted by ongoing discovery and investigation in this case.

WHEREFORE, Whirlpool Corporation prays for judgment in its favor and against Plaintiff Barnstable County Mutual Insurance Company, as subrogee of Phyllis and Edward Powers-Philie, that Plaintiff's Complaint be dismissed with prejudice, for costs of this action, attorneys' fees, and all other relief appropriate in the premises.

Dated:  December 10, 2020

                                    The Defendant,
                                    WHIRLPOOL CORPORATION

                                    /s/ Robert T. Treat
                                    John F. Rooney, III, BBO#426895
                                    Robert T. Treat, BBO#548530
                                    Melick & Porter, LLP
                                    Boston, MA  02109
                                    Telephone:    (617) 523-6200
                                    Facsimile:    (617) 523-8130
                                    jrooney@melicklaw.com
                                    rtreat@melicklaw.com

                                    *Attorneys for Defendant*
                                    *Whirlpool Corporation*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 10th day of December, 2020, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

James T. Buchanan
Thomas Reis
Buchanan & Associates
124 Washington Street, Suite 303
Foxboro, MA  02035
Telephone:   (781) 255-0330
Facsimile:    (781) 255-0339
jtb@buchananassoc.com
Thomas.reis@buchananassoc.com

*Counsel for Plaintiff*

/s/ Robert T. Treat
Robert T. Treat