**BARNSTABLE, ss.**                                    **SUPERIOR COURT**

I, Scott W. Nickerson, Clerk-Magistrate of the Superior Court within and for the County of Barnstable, having, by law, the custody of the seal and all the records, books, documents and papers of, or appertaining to said Court, hereby certify that the papers hereto annexed are true copies of the papers appertaining to said Court, and on file and of record in the Office of said Court, relating to the Case of BARNSTABLE COUNTY MUTUAL INSURANCE COMPANY, as subrogee of Phyllis and Edward Powers-Philie, Plaintiff and WHIRLPOOL CORPORATION, Defendant, Case No. 2072CV0444.

In witness whereof I have hereunto set my hand and the seal of said Court, at Barnstable, this twenty-second day of February in the year of our Lord two thousand twenty-one.

First Assistant Clerk-Magistrate

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**BOSTON DIVISION**

BARNSTABLE COUNTY MUTUAL )
INSURANCE COMPANY, as subrogee of )
Phyllis and Edward Powers-Philie, )
                                   )
                    *Plaintiff,*   )
                                   )
            v.                     )      Case No.:
                                   )
WHIRLPOOL CORPORATION,             )
                                   )
                    *Defendant.*   )

**SUPERIOR COURT**
**BARNSTABLE, SS**

JAN 1 5 2021

FILED
*Scott W. Nickerson, Clerk*

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Whirlpool Corporation

("Whirlpool"), expressly reserving all rights otherwise to respond to this lawsuit, hereby removes

the above-captioned case, which was filed in the Superior Court of Barnstable County,

Massachusetts, as Case No. 2072CV00444, to the United States District Court for the District of

Massachusetts.

### PROCEDURAL HISTORY

1.      This case is a civil action filed on or about November 13, 2020, in the Superior

Court of Barnstable County, styled *Barnstable County Mutual Insurance Company a/s/o Phyllis*

*& Edward Powers-Philie v. Whirlpool Corporation*, Case No. 2072CV00444. Whirlpool was

served with the Summons and Complaint on December 1, 2020.

2.      Removal is timely under 28 U.S.C. § 1446(b). Whirlpool has filed this Notice of

Removal within thirty (30) days of service of the Summons and Complaint.

I hereby certify on 1/13/21 that the
foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☐ electronically filed original filed on_____
☑ original filed in my office on 12/10/20
Robert M. Farrell
Clerk, U.S. District Court
District of Massachusetts

By:_____
Deputy Clerk



3.　　　Removal to this Court is proper because the District of Massachusetts, Boston Division is the district and division embracing the place (Barnstable County, Massachusetts) where the action was filed.  28 U.S.C. § 1441(a).

4.　　　As required by 28 U.S.C. § 1446(a), Whirlpool has attached to this notice "a copy of all process, pleadings, and orders served upon" it.  *See* Exhibit A.

5.　　　Upon filing this Notice of Removal, Whirlpool will provide written notification to Plaintiff's counsel and will file a Notice of Filing Notice of Removal (attaching a copy of this Notice of Removal) with the Superior Court of Barnstable County.

## CITIZENSHIP OF THE PARTIES

6.　　　Plaintiff, Barnstable County Mutual Insurance Company, as subrogee of Phyllis and Edward Powers-Philie ("Plaintiff"), is a corporation organized and existing under the laws of Massachusetts, with its principal place of business in Massachusetts.  *See* Complaint, at ¶ 1. Therefore, Plaintiff is a citizen of the commonwealth of Massachusetts.[1]

7.　　　Whirlpool is a corporation organized and existing under the laws of Delaware, with its principal place of business in Michigan.  Therefore, Whirlpool is a citizen of the states of Delaware and Michigan.  *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (holding that a corporation is a citizen of its place of incorporation and its "principal place of business," which is "the actual center of direction, control, and coordination" of the corporation's activities).

8.　　　Therefore, Plaintiff and Whirlpool are citizens of different states and complete diversity of citizenship for purposes of removal exists.

---

[1] While not real parties in interest for purposes of determining diversity jurisdiction, Plaintiff's subrogors, Phyllis and Edward Powers-Philie, are also citizens of Massachusetts. *See* Complaint, at ¶ 2. *See* "Diversity between parties depends on the citizenship of the subrogee []—not the subrogor []." *Metropolitan Prop. & Cas. Ins. Co. v. Pest Doctor Systems, Inc.*, 2015 WL 4945767, No. 3:14-cv-143, at *1 n. 1 (Aug. 20, 2015 S.D. Ohio) (citing *Cont'l Cas. Co. v. Ohio Edison Co.*, 126 F.2d 423, 425-26 (6th Cir. 1942)).

## JURISDICTION EXISTS PURSUANT TO 28 U.S.C. § 1332

9.      This Court has jurisdiction over this action under 28 U.S.C. §§ 1332 and 1446(b) because (1) there is complete diversity of citizenship between Plaintiff and Whirlpool , and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.     As set forth in the immediately preceding section, this case involves "citizens of different States." *See* 28 U.S.C. § 1441(b).

11.     Plaintiff seeks damages in the amount of $169,931.57.  *See* Civil Action Cover Sheet filed with Plaintiff's Complaint.

12.     Thus, the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

13.     Removal of this action is not prohibited by 28 U.S.C. § 1445.

## TIMELINESS OF REMOVAL

14.     Whirlpool filed this Notice of Removal within thirty (30) days of the date it was served with this removable action, and within the time prescribed for filing this Notice of Removal under 28 U.S.C. § 1446.

## CONCLUSION

For the foregoing reasons, Defendant Whirlpool Corporation removes this action from the

Superior Court of Barnstable County, Massachusetts, to the United States District Court for the

District of Massachusetts, Boston Division.

Dated:  December 10, 2020

The Defendant,
WHIRLPOOL CORPORATION

/s/ Robert T. Treat
John F. Rooney, III, BBO#426895
Robert T. Treat, BBO#548530
Melick & Porter, LLP
Boston, MA  02109
Telephone:     (617) 523-6200
Facsimile:     (617) 523-8130
jrooney@melicklaw.com
rtreat@melicklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of December, 2020, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

James T. Buchanan
Thomas Reis
Buchanan & Associates
124 Washington Street, Suite 303
Foxboro, MA  02035
Telephone:   (781) 255-0330
Facsimile:    (781) 255-0339
jtb@buchananassoc.com
Thomas.reis@buchananassoc.com

*Counsel for Plaintiff*

/s/ Robert T. Treat
Robert T. Treat

# Commonwealth of Massachusetts

BARNSTABLE, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2072 CV00444

Barnstable County Mutual Insurance Company a/s/o
Phyllis and Edward Powers-Philie, PLAINTIFF(S),

v.

Whirlpool Corporation, DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO _Whirlpool Corporation_. (Defendant's name)

**You are being sued.**  The Plaintiff(s) named above has started a lawsuit against you. A copy of the
Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been
filed in the _Barnstable Superior_ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide
    the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the
    opportunity to tell your side of the story.  You must respond to this lawsuit in writing even if you expect
    to resolve this matter with the Plaintiff.  **If you need more time to respond, you may request an
    extension of time in writing from the Court.**

2.  **How to Respond.**  To respond to this lawsuit, you must file a written response with the court **and** mail a
    copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented).  You can do this by:
    a.  Filing your **signed original** response with the Clerk's Office for Civil Business, _Superior_ Court, by mail
        to P.O. Box 425, or in person to 3195 Main Street, Barnstable, MA 02630, AND
    b.  Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following
        address: 124 Washington St. Ste 303 Foxboro MA 02035

3.  **What to include in your response**. An **"Answer"** is one type of response to a Complaint. Your Answer
    must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint.
    Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to
    use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are
    based on the same facts or transaction described in the Complaint, then you must include those claims
    in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this
    lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your
    Answer or in a written demand for a jury trial that you must send to the other side and file with the
    court no more than 10 days after sending your Answer.  You can also respond to a Complaint by filing a
    **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient.  A Motion
    to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If
    you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions"
    described in the rules of the Court in which the complaint was filed, available at
    **www.mass.gov.courts/case-legal-res/rules of court**.

4.     **Legal Assistance**. You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.     **Required information on all filings**: The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____. (SEAL)

Scott W. Nickerson
Clerk-Magistrate                        *Scott W. Nickerson*

**Note:** The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.


# PROOF OF SERVICE OF PROCESS



**Suffolk County Sheriff's Department** • 132 Portland Street, Boston, MA 02114 • (617) 704-6999

*Suffolk, ss.*

**December 1, 2020**

I hereby certify and return that on 12/1/2020 at 8:40 AM I served a true and attested copy of the Summons, Complaint and Cover Sheet in this action in the following manner: To wit, by delivering in hand to Bernardo Montanez,  agent and person in charge at the time of service for Whirlpool Corporation, at 84 State Street Corporation Service Company Boston, MA 02109 .  Attest/Copies ($5.00) Basic Service Fee (IH) ($30.00) Conveyance ($0.30) Postage and Handling ($1.00) Travel ($23.90) Total: $60.20


Deputy Sheriff     Joseph Casey

                                           *Joseph Casey*

                              _____
                                              *Deputy Sheriff*

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 20CV444 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| | | |
|---|---|---|
| PLAINTIFF(S): Barnstable County Mutual Insurance Company a/s/o Phyllis and Edward | | COUNTY Barnstable |
| ADDRESS: P.O. Box 339 | | |
| Yarmouthport, MA 02675 | DEFENDANT(S): Whirlpool Corporation | |
| ATTORNEY: James T. Buchanan | | SUPERIOR COURT BARNSTABLE SS FILED NOV 1 3 2020 Scott L. Nickerson Clerk |
| ADDRESS: 124 Washington Street, Suite 303, Foxboro, MA 02035 | ADDRESS: 2000 North M-63, Administrative Center, Benton Harbor, MI 49022 | |
| BBO: 561098 | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B05 | Products Liability | A | ☒ YES ☐ NO |

*If "Other" please describe:

| Is there a claim under G.L. c. 93A? | Is this a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☒ YES ☐ NO | ☐ YES ☒ NO |

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................................ $
2. Total doctor expenses ............................................................................. $
3. Total chiropractic expenses ..................................................................... $
4. Total physical therapy expenses .............................................................. $
5. Total other expenses (describe below) ..................................... Subtotal (A): $

B. Documented lost wages and compensation to date ....................................... $
C. Documented property damages to date .......................................................... $164,893.17
D. Reasonably anticipated future medical and hospital expenses ........................ $
E. Reasonably anticipated lost wages ................................................................ $
Other documented items of damages (describe below) ...................................... $ 2,538.40
Alternate living expenses

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Plaintiff issued payments to its insured after insured's property was damaged in a fire caused by a malfunction of a

product designed, manufactured, and/or distributed by the defendant.          TOTAL (A-F):$ 169,931.57

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):                                     **TOTAL: $ 169,931.57**

Defendant's negligently designed, manufactured, and/or distributed product failed and ignited, causing Plaintiff's damages.

**Signature of Attorney/ Unrepresented Plaintiff: X** _____   Date: 11/10/2020

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**
I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record: X** _____                   Date: 11/10/2020

**COMMONWEALTH OF MASSACHUSETTS**

BARNSTABLE, SS.

SUPERIOR COURT
CIVIL ACTION NO.

SUPERIOR COURT
BARNSTABLE, SS

NOV 13 2020

2072CV4494

Scott L. Nickerson Clerk

BARNSTABLE COUNTY MUTUAL )
INSURANCE COMPANY a/s/o )
PHYLLIS and EDWARD POWERS-PHILIE, )
    **Plaintiff** )
                        )
**v.** )         **COMPLAINT**
                        )
**WHIRLPOOL CORPORATION** )
    **Defendant** )

## PARTIES

1.    At all times material hereto, the plaintiff, Barnstable County Mutual Insurance Company, (hereinafter referred to as "Barnstable"), is a duly organized insurance company licensed and authorized to conduct business in the writing of fire and allied lines of insurance coverage within the Commonwealth of Massachusetts, whose principal place of business is located in the Town of Yarmouth Port, Barnstable County, Massachusetts.

2.    At all times material hereto, subrogors, Phyllis and Edward Powers-Philie (the insureds), are the owner of record of real property located at 6 Lisa Lane, East Sandwich, Massachusetts (hereinafter the "Subject Property") which is the subject property of this lawsuit.

3.    At all times material hereto, the Defendant, Whirlpool Corporation (hereinafter "Whirlpool"), is a foreign corporation organized under the laws of the State of Delaware, with a principal place of business located at 2000 North M-63, Administrative Center, Benton Harbor, Michigan, that was and is engaged in the design, manufacture, and/or distribution of residential washing machines throughout the United States of America, including the Commonwealth of

1

Massachusetts, and with a registered agent, Corporation Service Company, 84 State Street, Boston, Massachusetts.

4.     At the time of the incident giving rise to this suit, Barnstable had issued Phyllis and Edward Powers-Philie, a policy of insurance, Policy No. HM00500597, containing a $2,500.00 deductible.

5.     In accordance with the governing insurance policy, Barnstable issued actual cash value claim payments to its subrogors, subject to the policy's deductible, for the repair and/or replacement of their damaged property.

6.     As a result, Barnstable is now legally subrogated to the recovery of the claim payments and deductible from the Defendant.

## JURISDICTION

7.     Jurisdiction of the subject matter for this action is conferred upon this Court pursuant to G.L. c. 212, § 3.

## ALLEGATIONS OF FACT

8.     At all times material hereto, Whirlpool, designed, manufactured, and/or distributed a line of top loading washing machines, one of which was owned by Phyllis and Edward Powers-Philie.

9.     Said washing machine was reasonably used by the insureds, in its usual, customary, expected and intended manner.

10.     At all times material hereto, however, the subject washing machine was designed, manufactured, and/or assembled, and distributed in such a defective manner that, on or about September 11, 2019, the appliance failed, ignited, and caused extensive fire damage to the Subject Property and the insured's, personal property.

2

11.     At all times material hereto, Barnstable had issued a policy of homeowner's insurance to Phyllis and Edward Powers-Philie, Policy No. HM00500597, containing a $2,500.00 deductible, which was in effect at the time.

12.     Accordingly, Barnstable is now legally subrogated to the recovery of the aforementioned claim payment.

## FIRST COUNT - BREACH OF EXPRESSED WARRANTY

13.     The Plaintiff repeats the allegations contained in paragraphs 1 through 12 above and incorporates them by reference herein.

14.     The Defendant, though labeling, advertisement, and verbal representations directed to the attention of the public generally, expressly warranted that the subject product could be used for its intended or particular purpose and was safe and free from defects.

15.     Pursuant to M.G.L. c.106, § 2-313, and in reliance upon such warranty made by the Defendant, the insured did in fact purchase the subject washing machine from the Defendant.

16.     At the time the product was originally purchased, however, it was, in fact, defective, and not safe or reasonably suitable or fit for the purposes advertised.

17.     As a result, the Defendant's expressed warranties were not true, and such breaches of warranty proximately caused the Plaintiff's damages as set forth herein.

## SECOND COUNT- BREACH OF IMPLIED WARRANTY

18.     The Plaintiff repeats the allegations contained in paragraphs 1 through 17, and incorporates them by reference herein.

19.     The Defendant impliedly warranted that the washing machine was of merchantable quality, fit, safe and in proper condition for the ordinary use for which it was

designed, manufactured, distributed and ultimately used, and in reliance upon the implied

warranty of merchantability, the product was purchased and operated as set forth above.

20.     The subject washing machine, however, was not of merchantable quality, and in

fact, was not fit, safe, or usable for any purpose for which it was designed and/or manufactured,

and distributed. Therefore, as a direct and proximate result of the Defendant's breach of the

implied warranty of merchantability, the Plaintiff was damaged as set forth herein.

## THIRD COUNT- NEGLIGENCE

21.     The Plaintiff incorporates by reference the allegations contained in paragraphs 1-

20 above.

22.     The washing machine was designed, manufactured, and/or distributed by the

Defendant with the reasonable expectation that it would be used by its consumers for its intended

purpose, and knew or should have known, in the exercise of ordinary care that if defectively

designed or manufactured, the product was a potentially hazardous instrumentality.

23.     In careless disregard for its duties, however, the Defendant did in fact negligently

design and/or manufacture the product, and furthermore, allowed the defective product to enter

the stream of commerce, causing the Plaintiff's damages as set forth herein.

## FOURTH COUNT - UNFAIR AND DECEPTIVE BUSINESS PRACTICES

24.     The plaintiff restates, reasserts and incorporates by reference its allegations

contained in paragraphs 1 through 23 as if fully set forth herein.

25.     At all times material hereto, the defendant was and continues to be engaged in

interstate trade and/or commerce, including such business within the Commonwealth of

Massachusetts.

26.     The defendant's aforesaid breaches of warranty and negligence in designing, manufacturing, distributing and installing a defective and unreasonably dangerous product constitutes an unfair and deceptive business act or practice within the purview of the Commonwealth's consumer protection statute, as set forth under M.G.L. c. 93A, §§ 2 and 9(4).

27.     As a result of the above-described unfair and deceptive act or practice, the plaintiff sustained extensive property damage resulting from the fire to include, but not limited to, damage to the subject building and personal property stored therein, and loss of income and expenses incurred due to the interruption of business.

WHEREFORE, the Plaintiff, Barnstable County Mutual Insurance Company, as Subrogee of Phyllis and Edward Powers-Philie, requests the following relief:

1.     Enter judgment against the Defendant, Whirlpool Corporation;

2.     Enter judgment against the defendant, Whirlpool Corporation, individually, pursuant to MGL Chapter 93A, with treble damages, attorney's fees, and costs;

3.     Award damages to Barnstable County Mutual Insurance Company for an amount necessary to invoke the jurisdiction of this Honorable Court;

4.     Award Barnstable County Mutual Insurance Company interest, costs, attorneys' fees and expenses; and

5.     Award such other relief as this Honorable Court deems just and appropriate.

## JURY DEMAND

The Plaintiff, Barnstable County Mutual Insurance Company, a/s/o Phyllis and Edward Powers-Philie, demands a trial by jury on all issues so triable.

*Signature on following page*

5

Respectfully Submitted,
On Behalf of the Plaintiff,
Barnstable County Mutual Insurance
Company, as Subrogee of Phyllis and
Edward Powers-Philie,
By its Attorneys,
**BUCHANAN AND ASSOCIATES**
**ATTORNEYS AT LAW, P.C.**


James T. Buchanan (BBO# 561098)
jtb@Buchananassoc.com
124 Washington St., Suite 303
Foxboro, MA 02035
TEL: 781-255-0330


Thomas F. Reis (BBO#634139)
thomas.reis@Buchananassoc.com
124 Washington St., Suite 303
Foxboro, MA 02035
TEL: 781-255-0330

Dated: _____11/10/2020_____



COMMONWEALTH OF MASSACHUSETTS
BARNSTABLE COUNTY
Docket Report

**2072CV00444 Barnstable County Mutual Insurance Company a/s/o Phyllis and Edward Powers-Philie vs. Whirlpool Corporation**

| | | |
|---|---|---|
| **CASE TYPE:** Torts | **FILE DATE:** | 11/13/2020 |
| **ACTION CODE:** B05 | **CASE TRACK:** | A - Average |
| **DESCRIPTION:** Products Liability | | |
| **CASE DISPOSITION DATE:** 02/22/2021 | **CASE STATUS:** | Closed |
| **CASE DISPOSITION:** Transferred to another Court | **STATUS DATE:** | 02/22/2021 |
| **CASE JUDGE:** | **CASE SESSION:** | Second Session |

### DCM TRACK

| Tickler Description | Due Date | Completion Date |
|---|---|---|
| Service | 02/11/2021 | 12/07/2020 |
| Rule 12/19/20 Served By | 03/13/2021 | 02/22/2021 |
| Answer | 03/15/2021 | 02/22/2021 |
| Early Case Management Conference | 03/23/2021 | 02/22/2021 |
| Rule 12/19/20 Filed By | 04/12/2021 | 02/22/2021 |
| Rule 12/19/20 Heard By | 05/12/2021 | 02/22/2021 |
| Rule 15 Served By | 01/07/2022 | 02/22/2021 |
| Rule 15 Heard By | 02/07/2022 | 02/22/2021 |
| Rule 15 Filed By | 02/07/2022 | 02/22/2021 |
| Discovery | 11/03/2022 | 02/22/2021 |
| Rule 56 Served By | 12/05/2022 | 02/22/2021 |
| Rule 56 Filed By | 01/02/2023 | 02/22/2021 |
| Final Pre-Trial Conference | 05/02/2023 | 02/22/2021 |
| Judgment | 11/13/2023 | 02/22/2021 |

### PARTIES

**Plaintiff**
Barnstable County Mutual Insurance Company a/s/o
Phyllis and Edward Powers-Philie
PO Box 339
Yarmouthport, MA 02675-0268

**Private Counsel**     561098
James Thomas Buchanan
Buchanan and Associates, Attorneys at Law, P.C.
Buchanan and Associates, Attorneys at Law, P.C.
124 Washington St
Suite 303
Foxborough, MA 02035
Work Phone (781) 255-0330
Added Date: 11/13/2020



**COMMONWEALTH OF MASSACHUSETTS**
**BARNSTABLE COUNTY**
Docket Report

| **Defendant**<br>Whirlpool Corporation<br>2000 North M-63<br>Administrative Center<br>Benton Harbor, MI 49022 | **Private Counsel**        548530<br>Robert T Treat<br>Melick & Porter, LLP<br>Melick & Porter, LLP<br>One Liberty Square 7th Floor<br>Boston, MA 02109<br>Work Phone (617) 523-6200<br>Added Date: 01/15/2021 |
| --- | --- |

## FINANCIAL DETAILS

| Date | Fees/Fines/Costs/Charge | Assessed | Paid | Dismissed | Balance |
| --- | --- | --- | --- | --- | --- |
| 11/13/2020 | Civil Filing Fee (per Plaintiff) Receipt: 15208 Date: 11/13/2020 | 240.00 | 240.00 | 0.00 | 0.00 |
| 11/13/2020 | Civil Surcharge (G.L. c. 262, § 4C) Receipt: 15208 Date: 11/13/2020 | 15.00 | 15.00 | 0.00 | 0.00 |
| 11/13/2020 | Civil Security Fee (G.L. c. 262, § 4A) Receipt: 15208 Date: 11/13/2020 | 20.00 | 20.00 | 0.00 | 0.00 |
| 11/13/2020 | Fee for Blank Summons or Writ (except Writ of Habeas Corpus) MGL 262 sec 4b Receipt: 15208 Date: 11/13/2020 | 5.00 | 5.00 | 0.00 | 0.00 |
| 02/18/2021 | Fee for copy of court documents, records, papers, G.L. c. 262 § 4b. Receipt: 15596 Date: 02/18/2021 | 23.00 | 23.00 | 0.00 | 0.00 |
| | **Total** | **303.00** | **303.00** | **0.00** | **0.00** |



BARNSTABLE COUNTY
Docket Report

| INFORMATIONAL DOCKET ENTRIES | | | |
|---|---|---|---|
| Date | Ref | Description | Judge |
| 11/13/2020 | | Early Case Management Conference Pilot Program. | |
| 11/13/2020 | | Case assigned to: DCM Track A - Average was added on 11/13/2020 | |
| 11/13/2020 | 1 | Original civil complaint filed. | |
| 11/13/2020 | 2 | Civil action cover sheet filed. | |
| 12/07/2020 | 3 | Service Returned for Defendant Whirlpool Corporation: Service via resident agent; Bernardo Montanez, Agent for Whirlpool, Corp Service Company, 84 State Street, Boston, MA 02109 on December 1, 2020 | |
| 01/15/2021 | 4 | Notice of Removal to the United States District Court filed by Defendant, Whirlpool Corporation Applies To: Treat, Esq., Robert T (Attorney) on behalf of Whirlpool Corporati (Defendant) | |
| 02/22/2021 | | Case transferred to another court. | |

A true copy, Attest:

Clerk